IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**REGINALD M. THURMAN,**
**ADC #144304**                                                                                        **PLAINTIFF**

v.                                    CASE NO. 4:11CV00473 BMS/JTR

**BOB KILGORE,**
**CDL Driver, Calhoun County et al.**                                              **DEFENDANTS**

**TRANSFER ORDER**

Plaintiff Reginald M. Thurman, a prisoner in the Diagnostic Unit of the Arkansas Department of Correction, has recently filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that defendants racially discriminated against him and defamed his character while he was an Act 309 trustee in Calhoun County. [Doc. No. 2].

The federal venue statute provides that, in a case that is not based on diversity jurisdiction, venue is proper in the judicial district where "any defendant resides" or "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). When venue is laid in the wrong district or division, the district court must either dismiss the case or, if it is in the interests of justice, transfer it to any district or division in which it could have been brought. *Id.* § 1406(a).

All defendants in this action reside in Calhoun County. Similarly, the events giving rise to Thurman's claims occurred in Calhoun County. Calhoun County is located in the El Dorado Division of the United States District Court for the Western District of Arkansas. Accordingly, the interests of justice will best be served by transferring the case to that federal

court.

IT IS THEREFORE ORDERED THAT this case is hereby IMMEDIATELY TRANSFERRED to the United States District Court for the Western District of Arkansas, El Dorado Division.

Dated this 21st day of June 2011.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE