IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

REGINALD M. THURMAN                                                                 PLAINTIFF

v.                                   Civil No. 1:11-cv-01041

BOB KILGORE,
*CDL Driver, Calhoun County*
FLOYD NUTT,
*County Judge, Calhoun County,* and
BOB DUNN,
*Sheriff of Calhoun County*                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before this Court is Separate Defendants' Motion for Judgment on the Pleadings. ECF No. 13. This Motion was filed on January 31, 2012. *Id.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable United States District Judge Susan O. Hickey referred this case to the undersigned for the purpose of making a report and recommendation. For the following reasons, it is the recommendation of the undersigned that this Motion (ECF No. 13) be **GRANTED.**

**I.    Background:**

On January 31, 2012, Separate Defendants Floyd Nutt and Bob Dunn ("Separate Defendants") filed a Motion for Judgment on the Pleadings and supporting brief. ECF Nos. 13-14. As of this date, Plaintiff has not responded to this Motion, and Plaintiff's time to respond has expired. *See* Local Rule 7.2.

In their Motion, Separate Defendants claim both the official and individual capacity claims against them should be dismissed. ECF No. 13. Separate Defendants claim the official capacity

1

claims against them should be dismissed because Plaintiff has demonstrated no "governmental custom or policy." ECF No. 14 at 2-3. Further, they claim the individual capacity claims against them should be dismissed because Plaintiff only alleges verbal harassment, which they claim "is not actionable under § 1983." *Id.* at 3-4.

## II.     Applicable Law:

Motions for judgment on the pleadings are governed by the same standard that apply to motions to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6). When analyzing a 12(b)(6) claim, the plaintiff's factual allegations are accepted as true and viewed in the light most favorable to the plaintiff. *See Hanten v. School Dist. of Riverview Gardens,* 183 F.3d 799 (8th Cir. 1999).

"The complaint should be dismissed 'only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations.'" *St. Croix Waterway Ass'n v. Meyer,* 178 F.3d 515, 519 (8th Cir. 1999) (citations omitted). A complaint should not be dismissed "for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would demonstrate entitlement to relief." *Gordon v. Hansen,* 168 F.3d 1109, 1113 (8th Cir. 1999). "At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.,* 172 F.3d 623, 627 (8th Cir. 1999).

## III.    Discussion:

Plaintiff filed his Complaint on June 9, 2011. ECF No. 2. In this Complaint, Plaintiff alleges he was the victim of racial discrimination. *Id.* Plaintiff claims he had to endure repeated racist verbal insults by truck driver Defendant Bob Kilgore, and Plaintiff claims Separate

Defendants Floyd Nutt and Bob Dunn are liable in their individual and official capacities because they allowed the discrimination to continue. *Id.*

In response to these claims, Separate Defendants answered and then filed a Motion for Judgment on the Pleadings. ECF Nos. 11, 13. With this Motion, Separate Defendants claim both the official and individual capacity claims against them should be dismissed because Plaintiff has not raised a cognizable claim under Section 1983. *Id.* Notably, Separate Defendants claim verbal harassment does not rise to the level of a constitutional violation. *Id.* As such, Separate Defendants claim Plaintiff is not entitled to relief under Section 1983. *Id.*

Based upon a review of the Complaint, the Motion for Judgment on the Pleadings, and the relevant cases, this Court finds Separate Defendants are correct in their argument that this verbal harassment is not actionable under Section 1983. *See King v. Olmsted County,* 117 F.3d 1065, 1067-68 (8th Cir. 1997). As noted by the Eighth Circuit in *King,* "'[g]enerally, mere verbal threats made by a state-actor do not constitute a § 1983 claim.'" *Id.* (citation omitted). The Eighth Circuit also noted in *King* that a "threat constitutes an actionable constitutional violation [under 1983] *only* when the threat is so brutal or wantonly cruel as to shock the conscience" or "if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers the deprivation of a constitutional right." *Id.* (emphasis added). The Eighth Circuit has found that in limited circumstances, such threats have met this standard. *See, e.g., Burton v. Livingston,* 791 F.2d 97 (8th Cir. 1986) (holding that using racial slurs while threatening a prisoner at gunpoint met this standard).

In the present action, Plaintiff alleged he endured verbal abuse from Defendant Bob Kilgore while he was a passenger in his truck and participated in the county's work program. ECF No. 2. Plaintiff alleges this verbal abuse consisted of being forced to ride with Defendant Kilgore who

3

used racial slurs repeatedly. *Id.* Defendant Kilgore also allegedly threatened to have Plaintiff thrown out of the county's work program. *Id.* Plaintiff characterized these statements as "derogatory remarks and racial statements." *Id.* Plaintiff claims Defendants Nutt and Dunn are also liable for Defendant Kilgore's statements because they failed to remedy the situation or stop him from making those statements. *Id.*

Upon review, assuming Plaintiff's claims are true, Defendant Kilgore's statements were especially harsh, inappropriate, and disrespectful. However, they are not actionable under Section 1983, and Plaintiff is not entitled to relief for such verbal abuse. Indeed, the facts in this case are very similar to the facts in *Hopson v. Fredericksen,* 961 F.2d 1374 (8th Cir. 1992). In *Hopson,* the plaintiff in that case "was placed alone in the back seat of the police car" while two officers began to question him. *Id.* at 1378. After the plaintiff refused to answer any questions, one of the officers turned to the plaintiff, "uttered a racial slur," and threatened to "'knock [plaintiff's] remaining teeth out of his mouth' if he remained silent." *Id.* Despite this shocking conduct, the Eighth Circuit found it was not actionable under Section 1983 because the officer never "brandished a lethal weapon," and the plaintiff was never "physically assaulted." *Id.* As such, the Eighth Circuit found that conduct did not rise to the level of a "brutal" or "wanton act of cruelty." *Id.* (citation omitted). Consistent with the holding in *Hopson,* this Court also finds Plaintiff's claim of verbal abuse is not actionable under Section 1983.

### IV. Conclusion:

For the foregoing reasons, the undersigned recommends Separate Defendants' Motion for Judgment on the Pleadings (ECF No. 13) be **GRANTED**, and the case against Separate Defendants Nutt and Dunn be **DISMISSED** with prejudice.

**Plaintiff has fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 8th day of August 2012.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE