IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

REGINALD M. THURMAN                                                                                          PLAINTIFF

v.                            Civil No. 1:11-CV-01041

BOB KILGORE                                                                                                  DEFENDANT

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Reginald Thurman originally filed this case *pro se* pursuant to 42 U.S.C. § 1983 on June 9, 2011 in the Eastern District of Arkansas. ECF No. 2. The Case was properly transferred to this Court on June 21, 2011. Now before the Court is Plaintiff's failure to prosecute this matter.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

**I.      BACKGROUND**

At the time Plaintiff filed his Complaint, June 9, 2011, he was incarcerated in the Arkansas Department of Corrections Diagnostic Unit in Pine Bluff, Arkansas ("Diagnostic Unit"). Plaintiff's address of record with the Court indicates he is still incarcerated in the Diagnostic Unit. However, due to the Court's prior dealings with parties incarcerated in the Arkansas Department of Correction, the Court is aware that the Diagnostic Unit is closed. Therefore, the Court, upon its own research, determined that Plaintiff is now incarcerated at the ADC Ouachita River Unit in

Malvern, Arkansas and changed his address of record to reflect such. ECF No. 19.

In his Complaint, Plaintiff named Bob Kilgore, Floyd Nutt, and Bob Dunn as Defendants. Defendants Nutt and Dunn were dismissed on August 28, 2012 leaving only Plaintiff's claims against Defendant Kilgore. ECF No. 16. In his Complaint, Plaintiff claims Defendant Kilgore discriminated against him.[1]

Plaintiff has never communicated with this Court. He filed his original Complaint in the Eastern District of Arkansas on June 9, 2011 and then never filed another document on the docket.

## II. APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with

---

[1] The Court ordered service on Defendant Kilgore on December 21, 2011 and the Clerk issued summons the same day. ECF No. 10. This was the third time the Court ordered service on Defendant Kilgore. *See* ECF Nos. 7, 9, 10. The United States Marshal Service attempted service on Defendant Kilgore on January 4, 2012 but the summons was returned unexecuted noting Defendant Kilgore is deceased. Through no fault of Plaintiff, the unexecuted summons was not filed on the docket until August 29, 2014. ECF No. 18.

orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III. DISCUSSION

Plaintiff failed to keep the Court informed of his current address, and he has also failed to prosecute this case. More specifically, Plaintiff has made no any attempts to prosecute this case. He simply filed his original Complaint in June 2011 and never contacted the Court again. Plaintiff did not respond to Defendants Floyd and Nutt's Motion for Judgment on the Pleadings nor did he inquire into the status of service on the remaining Defendant, Mr. Kilgore, or on this case at anytime.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 2) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 3rd day of September 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4