IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

REGINALD M. THURMAN                                                                           PLAINTIFF

V.                              CASE NO. 11-CV-1041

BOB KILGORE                                                                                    DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed September 3, 2014, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 19. Judge Bryant recommends that Plaintiff's Complaint (ECF No. 2) be dismissed without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and failed to prosecute this action. *See* Fed. R. Civ. P. 41(b); Local Rule 5.5(c)(2). Plaintiff has responded with objections, and the Court has reviewed the objections. ECF No. 20. After reviewing the record *de novo*, the Court declines to adopt the Report and Recommendation.

Plaintiff filed his Complaint on June 9, 2011, against three Defendants. ECF No. 2. Defendants Floyd Nutt and Bob Dunn filed a Motion for Judgment on the Pleadings (ECF No. 13), and Plaintiff did not respond to this motion. Defendants Nutt and Dunn were dismissed from this lawsuit on August 28, 2012. ECF No. 16. Defendant Bob Kilgore was never served with a copy of the Complaint, and the time for service has now expired. Plaintiff never inquired about Defendant Kilgore's status in this lawsuit even though he should have noticed that Defendant Kilgore never filed a responsive pleading to the Complaint.

For reasons unknown to the Court, the United States Marshals Service did not file the Returns of Service for all Defendants until August 29, 2014, nearly three years after the summons were issued. ECF Nos. 17 and 18. The Summons for Defendant Kilgore was returned unexecuted,

stating that Defendant Kilgore is deceased. ECF No. 18). In his objection, Defendant asks this Court what he "need[s] to do to ensure that they [Defendants] are prosecuted in [this] Court?" ECF No. 20.

Plaintiff allowed this case to languish for over three years without inquiring as to its status, and Plaintiff failed to respond to Separate Defendants' Motion for Judgment on the Pleadings. Until now, Plaintiff has not filed one document in this case since he filed his Complaint in 2011. Nevertheless, Plaintiff did file an objection to the Report and Recommendation asking for the Court's guidance as to how he should prosecute this case. Plaintiff furnished the information necessary to help effectuate service, and it was the responsibility of the United States Marshal's Service to file the Returns of Service in a timely manner. *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (When a court orders the United States Marshal to effect service pursuant to 28 U.S.C. § 1915(d), officers of the court shall perform "all duties" associated with service.) The Court will not hold Plaintiff responsible for failing to serve Defendant Kilgore in this matter or failing to inquire about Defendant Kilgore's status. *See Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) ("[A] plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant").

Accordingly, for the reasons stated above, the Court declines to adopt the Report and Recommendation (ECF No 19) and resubmits this case to Judge Bryant for further review.

**IT IS SO ORDERED**, this 23rd day of September, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge