IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

REGINALD M. THURMAN                                   PLAINTIFF

v.                  Civil No. 1:11-CV-01041

BOB KILGORE                                              DEFENDANT

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Reginald Thurman originally filed this case *pro se* pursuant to 42 U.S.C. § 1983 on June 9, 2011 in the Eastern District of Arkansas. ECF No. 2. The Case was properly transferred to this Court on June 21, 2011. Now before the Court is Defendant Calhoun County's Motion to Dismiss (ECF No. 24) and Plaintiff's failure to comply with a Court order and prosecute this case.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

1.      **BACKGROUND**

At the time Plaintiff filed his Complaint, June 9, 2011, he was incarcerated in the Arkansas Department of Corrections Diagnostic Unit in Pine Bluff, Arkansas ("Diagnostic Unit"). Plaintiff's address of record with the Court indicates he is now incarcerated in the Ouachita River Unit, in Malvern, Arkansas ("ORU").

In his Complaint, Plaintiff named Bob Kilgore, Floyd Nutt, and Bob Dunn as Defendants

and sued all of these Defendants in both their individual and official capacities. The Court granted Defendants Nutt and Dunn's Motion for Judgment on the Pleadings on August 28, 2012. ECF No. 16. Plaintiff's claims against Defendant Kilgore in both his individual and official capacity are all that remain.

On September 3, 2014, the undersigned recommended dismissal of this action based on Plaintiff's failure to prosecute. I noted that Plaintiff had, at that time, never communicated with the Court regarding this matter and failed to inquire as to the issue of service on Defendant Kilgore.[1] In response to this Report and Recommendation, Plaintiff filed an Objection. Based on this Objection, the Honorable Susan O. Hickey declined to adopt the Report and Recommendation and referred this matter back to the undersigned for further review. ECF No. 21.

On October 16, 2014, I issued an Order explaining Plaintiff's individual capacity claims against Defendant Kilgore were not extinguished at his death, and the proper party may be substituted upon a properly filed motion for substitution pursuant to Federal Rule of Civil Procedure 25(a)(1). Plaintiff was advised that his deadline for filing a motion for substitution was December 18, 2014. Plaintiff was also advised that failure to comply and file a motion for substitution would subject this matter to dismissal. ECF No. 22.

In this same Order, I determined that Calhoun County should be substituted for any official capacity claims against Defendant Kilgore and ordered service on Calhoun County. ECF No. 22.

---

[1] The Court ordered service on Defendant Kilgore on December 21, 2011 and the Clerk issued summons the same day. ECF No. 10. This was the third time the Court ordered service on Defendant Kilgore. *See* ECF Nos. 7, 9, 10. The United States Marshal Service attempted service on Defendant Kilgore on January 4, 2012 but the summons was returned unexecuted noting Defendant Kilgore is deceased. Through no fault of Plaintiff, the unexecuted summons was not filed on the docket until August 29, 2014. ECF No. 18.

In response to this service, Calhoun County filed the instant Motion to Dismiss. ECF No. 24. Plaintiff did not respond to the Court's October 16, 2014 Order or to Calhoun County's Motion to Dismiss.

**2.    DISCUSSION**

In his Complaint, Plaintiff alleges that while he was participating in the Arkansas Department of Correction 309 Program[2] he worked for the Calhoun County Solid Waste Department, and during this time he was the victim of racial discrimination. Specifically, Plaintiff claims he endured repeated racist verbal insults by truck driver Defendant Kilgore, and Plaintiff claimed the County officials supervising the program are liable because they allowed the discrimination to continue. Plaintiff claims he reported Defendant Kilgore's discriminatory statements to the supervisors of the program, Calhoun County Judge Floyd Nutt and Sheriff Dunn, on multiple occasions. Judge Nutt eventually assigned Plaintiff to a different truck with a different driver. Plaintiff had no problems with this assignment, however, Plaintiff was eventually kicked out of the 309 Program based on Defendant Kilgore's statements against him.

The County first argues that Plaintiff's claims against it in this case have previously been dismissed. Alternatively, the County argues Plaintiff has failed to state a constitutional violation, but even assuming a violation, Plaintiff cannot show a policy or custom of the County was the moving force behind any alleged constitutional violation.

By Judgment dated August 28, 2012 the Honorable Susan O. Hickey adopted the undersigned's August 8, 2012 Report and Recommendation which recommended dismissal of both

---

[2] The Act 309 Program allows contracts throughout the state of Arkansas for housing and supervision of ADC inmates in county and city jails. While these inmates are housed in the county and city jails they work for the respective entity housing them.

individual and official capacity claims against Defendants Dunn and Nutt.  In this Report and Recommendation, I explained that Plaintiff had failed to state any official or individual capacity claim against Defendants Nutt and Dunn based on Defendant Kilgore's actions.  ECF Nos. 15-16. I did not however, address any claims, individual or official, made against Defendant Kilgore as he had not been served and did not move to dismiss Plaintiff's.  Now that Calhoun County has been substituted for the official capacity claim against Defendant Kilgore, I will apply the same reasoning to the remaining official capacity claim.  Further, because Plaintiff has failed to comply with my order to seek substitution of Mr. Kilgore for the individual capacity claims, I will address Plaintiff's individual capacity claims against Mr. Kilgore pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

Pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Additionally, I will consider Calhoun County's Motion to Dismiss under the following standard.  Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a

4

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.  While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims.  *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

The verbal harassment by Defendant Kilgore is not actionable under Section 1983.  *See King v. Olmsted County,* 117 F.3d 1065, 1067-68 (8th Cir. 1997).  As noted by the Eighth Circuit in *King,* "'[g]enerally, mere verbal threats made by a state-actor do not constitute a § 1983 claim.'" *Id.* (citation omitted).  The Eighth Circuit also noted in *King* that a "threat constitutes an actionable constitutional violation [under 1983] *only* when the threat is so brutal or wantonly cruel as to shock the conscience" or "if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers the deprivation of a constitutional right." *Id.* (emphasis added).  The Eighth Circuit has found that in limited circumstances, such threats have met this standard.  *See, e.g., Burton v. Livingston,* 791 F.2d 97 (8th Cir. 1986) (holding that using racial slurs while threatening a prisoner at gunpoint met this standard).

In the present action, Plaintiff alleged he endured verbal abuse from Defendant Kilgore while he was a passenger in his truck and participated in the 309 Program.  ECF No. 2.  Plaintiff alleges this verbal abuse consisted of being forced to ride with Defendant Kilgore who used racial slurs repeatedly.  *Id.*  Defendant Kilgore also allegedly threatened to have Plaintiff thrown out of

5

the 309 Program. *Id.* Plaintiff characterized these statements as "derogatory remarks and racial statements." *Id.*

Upon review, assuming Plaintiff's claims are true, Defendant Kilgore's statements were especially harsh, inappropriate, and disrespectful. However, they are not actionable under Section 1983, and Plaintiff is not entitled to relief for such verbal abuse. Indeed, the facts in this case are very similar to the facts in *Hopson v. Fredericksen,* 961 F.2d 1374 (8th Cir. 1992). In *Hopson,* the plaintiff in that case "was placed alone in the back seat of the police car" while two officers began to question him. *Id.* at 1378. After the plaintiff refused to answer any questions, one of the officers turned to the plaintiff, "uttered a racial slur," and threatened to "'knock [plaintiff's] remaining teeth out of his mouth' if he remained silent." *Id.* Despite this shocking conduct, the Eighth Circuit found it was not actionable under Section 1983 because the officer never "brandished a lethal weapon," and the plaintiff was never "physically assaulted." *Id.* As such, the Eighth Circuit found that conduct did not rise to the level of a "brutal" or "wanton act of cruelty." *Id.* (citation omitted). Consistent with the holding in *Hopson,* this Court also finds Plaintiff's claim of verbal abuse is not actionable under Section 1983.

Accordingly, I recommend Plaintiff's official and individual capacity claims against Defendant Kilgore and Calhoun County be dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). Moreover, Plaintiff failed to comply with the October 16, 2014 Court Order or to respond to Defendant's Motion to Dismiss. Therefore, this case may also be dismissed based on Plaintiff's failure to comply with a Court order and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

3.  **CONCLUSION**

For the foregoing reasons, I recommend Defendant Calhoun County's Motion to Dismiss (ECF No. 24) be **GRANTED** and Plaintiff's remaining claims against Defendant Kilgore and Calhoun County be **DISMISSED** without prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 5th day of February 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE